THE SCHOOL DISTRICT OF KANSAS CITY, Appellant, v. FORREST SMITH, State Auditor, and ROY McKITTRICK, Attorney General.—111 S. W. (2d) 167.

Division Two, December 17, 1937.*

---

*NOTE: Opinion filed at the May Term, 1937, August 26, 1937; motion for rehearing filed; motion overruled at September Term, December 17, 1937.

22

*H. L. McCune, Blatchford Downing* and *McCune, Caldwell & Downing* for appellant.

*Roy McKittrick*, Attorney General, *Olliver W. Nolen* and *Russell Stone*, Assistant Attorneys General, for respondents.

24

BOHLING, C.—This is an action under the Declaratory Judgment Act (Laws 1935, pp. 218-220) to determine whether or not the Revenue Act of 1935, commonly known as the 1935 Sales Tax Act (Laws 1935, pp. 411-426), imposes an excise tax on transactions to which the School District of Kansas City (any ruling embracing school districts generally) is a party; and, if so, on tangible personal property, such as flooring, roofing material, etc., becoming part of the realty, acquired under a building construction contract with a contractor at a definite lump sum contract price, covering the building materials, labor, overhead, profit, etc., necessary for the construction work.

The court sustained the joint demurrer of the Attorney General and the State Auditor to plaintiff's petition; and, plaintiff declining to plead further, judgment went accordingly.

The State officials say that, under said Sales Tax Act, plaintiff's controversy is with the retailer and the building contractor (hereinafter, for convenience, designated seller); that said act does not permit either of said officials to institute a direct action against a purchaser of tangible personal property but only against the seller; that any controversy on the part of said State officials would involve the liability of the seller for the tax; and, hence, plaintiff, the purchaser, may not maintain the action against said defendants, citing Sections 29 and 38 of said act. They thus briefly present this issue for our determination. The tax is imposed upon "the sale, service or transaction;" and the "seller, . . . is directed to collect the tax from the purchaser . . ." "at the time of making . . . such sale, . . ." and is made responsible for its collection and remittance (Sec. 5), under rules and regulations to be made, promulgated and en-

forced by the State Auditor to facilitate an accounting for and the payment of said tax (Sec. 6). ■ The tax is made a debt due the State; and in case of a failure to pay, the State Auditor and Attorney General, in their respective official capacities and in the name of the State, are directed to institute and prosecute appropriate actions to force payment (Secs. 29, 30, 38), the remedies specifically provided by the act being cumulative and not subject to the rules of law relating to the election of remedies (Sec. 31). ■ The purchaser is the taxpayer and the seller, although responsible, is the agent or conduit through which the State seeks to facilitate the accounting for and the collection of the tax. [See City of Covington v. State Tax Commission, 257 Ky. 84, 90, 77 S. W. (2d) 386, 389; Wiseman v. Phillips, 191 Ark. 63, 84 S. W. (2d) 91, 96.] Issues presented by plaintiff's petition embrace the constitutionality of the act if construed as applicable to school districts; and the Declaratory Judgment Act (Laws 1935, p. 219, sec. 11) provides that when a statute is alleged to be unconstitutional the Attorney General shall be served with a copy of the proceeding and be entitled to be heard. We rule the point against defendants.

■ The remaining issues presented, briefed and argued by the litigants are not grounds for demurrer (Sec. 770, R. S. 1929, Mo. Stat. Ann., p. 1000). The School District maintains that said act does not and the State officials maintain that it does impose the tax under the facts alleged in plaintiff's petition. The trial court sustained the demurrer of the State officials, and the only issues expressly decided by the trial court to which exceptions would lie on behalf of plaintiff on appeal (see Sec. 1061, R. S. 1929, Mo. Stat. Ann., p. 1346) were the issues presented by the demurrer. Now, we are asked to determine the applicability or nonapplicability of said Sales Tax Act to the facts alleged in said petition, plaintiff's alleged cause of action on the merits, with said petition standing confessed sufficient for a determination of said issues. This, we may not do, because: The function of this court here invoked is that of a court of review (our appellate jurisdiction) under the Constitution of this State (Art. 6, Sec. 12; Amend. 1884, Sec. 5; pp. 108, 118, R. S. 1929; 15 Mo. Stat. Ann., pp. 561, 644) as well as said Declaratory Judgment Act (Laws 1935, p. 219, sec. 7); and until the trial court has by its judgment declared that under the facts the Sales Tax Act does or does not apply issues involving the applicability or nonapplicability of said act to the facts do not exist for review. Trial courts should not be convicted of error in respect to rulings precluded from their consideration; i. e., of errors not committed.

The judgment is reversed and the cause remanded. *Cooley* and *Westhues*, CC., concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.