MISSOURI HEALTH CARE
ASSOCIATION,
Respondent,

v.

ATTORNEY GENERAL OF THE STATE
OF MISSOURI, Appellant.

No. 79479.

Supreme Court of Missouri,
En Banc.

Sept. 30, 1997.

Rehearing Denied Oct. 21, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen King Mitchell, Mark E. Long, Ronald Molteni, Asst. Attys. Gen., Jefferson City, for Appellant.

Harvey M. Tettlebaum, Lowell D. Pearson, Jefferson City, for Respondent.

COVINGTON, Judge.

In 1995, the Missouri General Assembly adopted Conference Committee Substitute for House Bill 409 (CCSHB 409), Laws of 1995, p. 1312, et. seq., which amends sections 660.050, 660.546, and 470.020 [1]. Missouri Health Care Association (MHCA), a not-for-profit organization that represents a majority of the long-term care facilities in the state, brought a declaratory judgment to have CCSHB 409 declared unconstitutional. MHCA alleged that it had standing to challenge CCSHB 409 because the amendments to section 407.020 injured MHCA's members. MHCA asserted that CCSHB 409 violates the Missouri Constitution on the following grounds: the subject of the bill is not clearly expressed in its title, in violation of article III, sec. 23; the bill contains more than one subject, in violation of article III, sec. 23; and CCSHB 409 was amended so as to change its original purpose, in violation of article III, sec. 21. MHCA also asserted that CCSHB 409 violates the equal protection clause of the Missouri Constitution and the United States Constitution. The trial court sustained MHCA's motion for summary judgment finding that CCSHB 409 violates sections 21 and 23 of article III of the Missouri Constitution as alleged by MHCA. The attorney general appeals. The judgment is affirmed.

I.

On January 25, 1995, House Bill 409, the predecessor of CCSHB 409, was introduced and first read. As originally introduced and passed in the house of representatives, House Bill 409 amended section 660.050, which creates the division of aging within the department of social services and defines the division's duties, powers, and structures. House Bill 409 amended section 660.050 by requiring the division of aging to publicize the "Missouri care options program," a program intended to inform individuals of the variety of long-term care options available. The words in the original title of House Bill 409 significant to this appeal were "the division of aging."

When the senate took up House Bill 409, it added an amendment to section 660.546. That section requires the department of social services to coordinate the "Missouri Partnership for Long-term Care" in order to combine private insurance and medicaid funds to finance long-term care. The amendment to section 660.546 expands the definition of "estate" for purposes of recovering any medical assistance paid under this program.

The senate added another provision to House Bill 409. The provision, which originated in House Bill 739, amends section 407.020. Section 407.020 is contained within the "Merchandising Practices" chapter of the Missouri revised statutes. Generally, section 407.020 defines as unlawful any unfair or deceitful practice in connection with the sale or advertising of merchandise. Section 407.020 further provides that any knowing and willful use of an unlawful trade practice with the intent to defraud is a class D felony, which can be prosecuted by local prosecuting attorneys or the attorney general.

The senate's amendments to section 407.020 add two subsections, but otherwise reenact the section unchanged. The first subsection, 407.020.5, makes it an unlawful trade practice for certain long-term care facilities that make representations regarding their quality of care to refuse to provide

---

1. All references to statutes are to RSMo 1994 unless indicated otherwise.

copies of documents that reflect the facilities' evaluation of the care they provide. The second subsection, 407.020.6, provides that any long-term care facility that commits such an unlawful practice shall be liable in a civil action for damages of up to $1,000, costs, and attorney's fees. The significant words of House Bill 739's title were "merchandising practices."

The senate's amended version of House Bill 409 was referred to a conference committee. Both houses of the general assembly then passed the final version of the bill. On August 28, 1995, CCSHB 409 became law. As passed by the general assembly and approved by the governor, CCSHB 409 amends sections 407.020, 660.050, and 660.546 as described above. The title of CCSHB 409 is "AN ACT To repeal sections 407.020, 660.050, and 660.546, RSMo 1994, relating to the department of social services, and to enact in lieu thereof three new sections relating to the same subject."

MHCA brought a declaratory judgment to challenge the constitutionality of CCSHB 409, naming the Attorney General of the State of Missouri as the sole defendant. MHCA alleged that although the amendments to section 407.020 contained in CCSHB 409 had yet to be enforced, MHCA's members were suffering injury. Specifically, MHCA alleged that its members were restrained from making representations in the course of their business for fear of triggering the disclosure requirements of subsection 407.020.5. MHCA also contended that its members were uncertain about what disclosure was required by subsection 407.020.5 and that they operated under the threat of the enforcement provisions contained in amended section 407.020. The trial court granted summary judgment in favor of MHCA.

## II.

■ A threshold issue is whether MHCA has standing. MHCA has invoked representational standing. An organization can sue as a representative for its members if (1) its members would otherwise have standing to bring suit in their own right; (2) the interests it seeks to protect are germane to the

organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members. *Missouri Outdoor Advertising Ass'n. v. Missouri State Highways and Transp. Comm'n.*, 826 S.W.2d 342, 344 (Mo. banc 1992). Only the first of the three requirements is at issue in the present case.

■ Whether MHCA's members would have standing to bring this suit in their own right depends upon whether they are able to satisfy the requirements for bringing a declaratory judgment action. A declaratory judgment action requires a justiciable controversy. *Akin v. Director of Revenue*, 934 S.W.2d 295, 298 (Mo. banc 1996). A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination. *State ex rel. Chilcutt v. Thatch*, 359 Mo. 122, 129, 221 S.W.2d 172, 176 (banc 1949). If a justiciable controversy exists between the members of MHCA and the attorney general, then MHCA has standing to bring this action as a representative of its members.

■ The attorney general makes several arguments that MHCA's petition fails to establish a justiciable controversy between MHCA's members and the attorney general. First, the attorney general argues that MHCA's members have no legally protectable interest at issue. This contention is without merit. The interest in doing business free from the constraints of an unconstitutional law is entitled to legal protection. *See Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 34 (Mo. banc 1982), *appeal dismissed*, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *Borden Co. v. Thomason*, 353 S.W.2d 735, 741 (Mo. banc 1962). MHCA has alleged that amended section 407.020 is unconstitutional and that it is affecting its members' businesses; therefore, MHCA's petition places a legally protectable interest at issue.

■ Next, the attorney general argues that he is not the proper defendant in this declaratory judgment action. The declaratory judgment act provides, "When declaratory relief is sought, all persons shall be made

parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." Sec. 527.110. The state official empowered to enforce a law that is challenged through a declaratory judgment action has an interest that would be affected by a court's declaration. *See School Dist. v. Smith*, 342 Mo. 21, 25, 111 S.W.2d 167, 168 (1937). Furthermore, if the declaratory judgment action challenges the constitutionality of a statute, the declaratory judgment act provides that "the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard." Sec. 527.110.

The attorney general is empowered to enforce amended section 407.020. Sec. 407.020.4, RSMo Supp.1996. MHCA is challenging the constitutionality of this section by a declaratory judgment action. If MHCA meets the other requirements for standing in this declaratory judgment action, then the attorney general is a proper party to defend it. *School Dist.*, 342 Mo. at 25, 111 S.W.2d at 168. MHCA's petition establishes the requisite controversy between its members and the attorney general.

■ Finally, the attorney general argues that MHCA's petition fails to present a controversy that is ripe for judicial determination. The attorney general argues that no ripe controversy exists because neither an attempt nor a threat to enforce the amended portions of section 407.020 has been made. The attorney general is mistaken.

■ A court cannot render a declaratory judgment unless the petition presents a controversy ripe for judicial determination. *See Akin*, 934 S.W.2d at 298. A ripe controversy is a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See State ex rel. City of Crestwood v. Lohman*, 895 S.W.2d 22, 30 (Mo.App.1994). A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character. *See Commonwealth Ins. Agency, Inc. v. Arnold*, 389 S.W.2d 803, 806 (Mo.1965).

■ In the context of a constitutional challenge to a statute, a ripe controversy generally exists when the state attempts to enforce the statute. In some situations, however, a ripe controversy also may exist before the statute is enforced. *Borden*, 353 S.W.2d at 741. For example, this Court has held that pre-enforcement constitutional challenges to laws were ripe when the facts necessary to adjudicate the underlying claims were fully developed and the laws at issue were affecting the plaintiffs in a manner that gave rise to an immediate, concrete dispute. *Lincoln Credit*, 636 S.W.2d at 34; *Borden*, 353 S.W.2d at 741; *Tietjens v. City of St. Louis*, 359 Mo. 439, 443, 222 S.W.2d 70, 72 (banc 1949).

In this case, MHCA has challenged CCSHB 409 on the ground that the procedure used to pass the bill violates the Missouri Constitution. Because the resolution of the constitutional issue depends entirely on facts that occurred before CCSHB 409 was passed, the facts necessary to adjudicate the underlying claim are fully developed. The accuracy of judicial fact-finding will not be aided by a delay.

With regard to the effect of CCSHB 409 on MHCA's members, MHCA's petition alleges that amended section 407.020 regulates MHCA's members and currently affects the way in which they conduct business. Sec. 407.020.5, RSMo Supp.1996. MHCA alleges that subsection 407.020.5 has caused its members to change their representations to the public about the services they provide. *Id.* MHCA alleges that subsection 407.020.5 also has or will affect the disclosure of documents MHCA's members make to consumers who request information in response to such representations. *Id.* Finally, MHCA alleges that amended section 407.020 subjects its members to penalties if they fail to comply with these statutory requirements. Sec. 407.020.4 and .6, RSMo Supp.1996.

In sum, MHCA has alleged that CCSHB 409's amendments to section 407.020 require MHCA's members either to alter their advertising and public relations or to face penalties for violating the statute's requirements. In a heavily-regulated industry dependent

upon public trust, amended section 407.020 "puts petitioners in a dilemma that it was the very purpose of the [d]eclaratory [j]udgment [a]ct to ameliorate." *Abbott Lab. v. Gardner*, 387 U.S. 136, 152, 87 S.Ct. 1507, 1517, 18 L.Ed.2d 681 (1967). In light of the constitutional challenge brought by MHCA, the current effect of amended section 407.020 on MHCA's members creates an immediate, concrete dispute that this Court can resolve by a specific, conclusive decree. Thus, MHCA's petition presents a controversy ripe for judicial determination.

The attorney general complains that MHCA failed to introduce evidence in support of MHCA's allegations that amended section 407.020 was affecting the business of its members. As the trial court found, however, amended section 407.020 is plainly directed at MHCA's members and is designed to regulate the way in which these facilities conduct business. Sec. 407.020, RSMo Supp. 1996. No speculation or additional fact-finding is required to determine that MHCA's members are sufficiently affected by this law. *See Akin*, 934 S.W.2d at 298. MHCA has satisfied the requirements to bring a declaratory judgment action. *See Lincoln Credit*, 636 S.W.2d at 33–34.

MHCA has standing to challenge the validity of the amendments at issue.

### III.

■ The dispositive issue in this case is whether CCSHB 409 contains more than one subject. Article III, section 23 of the Missouri Constitution provides, "No bill shall contain more than one subject which shall be clearly expressed in its title . . ." Article III, section 23 establishes a mandatory, not directory, limitation on the legislature. *Hammerschmidt v. Boone County*, 877 S.W.2d 98, 102 (Mo. banc 1994). Nevertheless, an act of the legislature carries a strong presumption of constitutionality. *Id.* A party asserting that a bill has violated the single subject limitation in article III, section 23 has the burden to prove that the bill clearly and undoubtedly has more than one subject. *Id.*

■ This Court ascribes to the general assembly the same good and praiseworthy motivations that inform our own decision-making process, liberally construing the constitution's procedural limitations on the legislature. *Id.* This Court reads the words "one subject" in article III, section 23 broadly. *Id.* A bill contains one subject if all provisions of the bill "fairly relate to the same subject, have natural connection therewith or are incidents or means to accomplish its purpose." *Westin Crown Plaza Hotel Co. v. King*, 664 S.W.2d 2, 6 (Mo. banc 1984).

■ The test for whether a bill contains a single subject focuses on the title of the bill. *See Fust v. Attorney General*, 947 S.W.2d 424, 428 (Mo. banc 1997); *Carmack v. Director, Missouri Dep't. of Agric.*, 945 S.W.2d 956, 959 (Mo. banc 1997); *Hammerschmidt*, 877 S.W.2d at 102. If the bill's title is not too broad or amorphous to identify the single subject of the bill, then the bill's title serves as the touchstone for the constitutional analysis. *Carmack*, 945 S.W.2d at 959–960. This Court examines whether a bill violates the single subject rule by first determining whether the bill's provisions fairly relate to, have a natural connection with, or are a means to accomplish the subject of the bill as expressed in the title. *Fust*, 947 S.W.2d at 428.

■ The title to CCSHB 409 as enacted reads, "AN ACT To repeal sections 407.020, 660.050, and 660.546, RSMo 1994, relating to the department of social services, and to enact in lieu thereof three new sections relating to the same subject." The important words for the issue presented are "the department of social services." Assuming that "the department of social services" is not too broad to identify a single subject, all the provisions of CCSHB 409 must fall within it. *See Missourians to Protect the Initiative Process v. Blunt*, 799 S.W.2d 824, 832 (Mo. banc 1990). Every provision of CCSHB 409 must fairly relate to, have a natural connection with, or be a means of accomplishing the work of the department of social services. *Carmack*, 945 S.W.2d at 961. If any of the provisions of CCSHB 409 have too tenuous a connection with the programs administered by the department of social services, then CCSHB 409 violates the single subject restriction of article III, sec. 23. *Id.*

The provisions at issue are amendments to section 407.020 contained within CCSHB 409.

Section 407.020 is part of the "Merchandising Practices" chapter of the Missouri revised statutes, which falls within Title XXVI of the statutes, designated by the revisor of statutes as "Trade and Commerce." Section 407.020 defines unlawful trade practices and provides penalties for businesses that commit them. Sec. 407.020, RSMo Supp.1996. The pertinent amendments to section 407.020 provide that certain long-term care facilities commit unlawful trade practices if they make representations about the quality of care they provide but refuse to provide documents that relate to their quality of care. Sec. 407.020.5, RSMo Supp.1996. If any long-term care facilities refuse to provide the requested documents, then amended section 407.020 provides that they are subject to civil law suits brought by individuals and criminal charges brought by local prosecuting attorneys or the attorney general. Sec. 407.020.4 and .6, RSMo Supp.1996.

The amendments to section 407.020 contained within CCSHB 409 do not fairly relate to, have a natural connection with, or accomplish the work of the department of social services. The department of social services is charged with promoting improved health and social services to the citizens of Missouri, not with enforcing the laws regarding merchandising practices. Mo. Const., art. IV, sec. 37. The department of social services does not enforce, oversee, or have any significant administrative duties under amended section 407.020. Sec. 407.020, RSMo Supp. 1996. The sole state official charged with enforcing amended section 407.020 is the attorney general. Sec. 407.020.4, RSMo Supp. 1996. Consequently, the amendments to section 407.020 contained within CCSHB 409 fall outside of the subject "the department of social services." [2] *Carmack,* 945 S.W.2d at 961.

 In defending the constitutionality of CCSHB 409, the attorney general contends that the amendments to section 407.020 are within the subject of "the department of social services" because the amendments state that the department can establish the fees facilities can charge for copying documents they must disclose under this section.

MHCA asserts, and this Court agrees, that the attorney general waived this point in his answer. Even if the attorney general had not waived this point, however, his contention is without merit. The ability to set a reasonable charge for copying is far too insignificant to constitute a provision that has a natural connection with the department of social services. *See Carmack,* 945 S.W.2d at 961; *Hammerschmidt,* 877 S.W.2d at 103.

 The attorney general also argues that the amendments to section 407.020 are fairly related to the department of social services because amended section 407.020 regulates long-term care facilities, which, in turn, are under the jurisdiction of the department of social services. This argument misses the point. The single subject limitation requires that the contents of the bill, not the entities affected by the bill, fairly relate to the subject expressed in the title of the act. As explained above, the amendments to section 407.020 have, at best, only a de minimis connection with the department of social services. The fact that the businesses regulated by amended section 407.020 are regulated in other respects by the department pursuant to other statutes is irrelevant. The construction proffered by the attorney general would define single subject so broadly as to render it meaningless. *See Missourians,* 799 S.W.2d at 832.

CCSHB 409 combines two provisions that amend programs administered by the department of social services or divisions under its jurisdiction with one provision that defines unlawful merchandising practices, a consumer protection measure enforced by only one state official: the attorney general. These provisions are too diverse to be grouped under the already broad subject of "the department of social services." The enactment contains more than one subject.

The judgment is affirmed.

All concur.

**2.** Although the parties have not done so, one could posit that the subject of CCSHB 409 is long-term care. If this were the subject of CCSHB 409, however, it would not be clearly expressed by the title "department of social services." See *Fust,* 947 S.W.2d at 428.