PLANNED PARENTHOOD OF
KANSAS and Mid–Missouri,
Inc., et al., Appellants,

v.

Jeremiah W. (Jay) NIXON,
et al., Respondents.

No. SC 87321.

Supreme Court of Missouri,
En Banc.

May 1, 2007.

Eve C. Carter, Roger K. Evans, N.Y., NY, Arthur A. Benson, II, Jamie K. Lansford, Kansas City, MO, for Appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael E. Pritchett, Asst. Atty. Gen., Glenn D. Webb, Asst. Atty. Gen., Jefferson City, Rebecca M. Navarro-McKelvey, Scott Ingram, St. Louis, John L. Patton, Columbia, Randell G. Collins, Kansas City, for Respondents.

Alan V. Hallquist, Hayley E. Hanson, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, David B. Tulchin, Claire E. Hunter, Susan M. Tomaine, Aaron O. Lavine, Sullivan & Cromwell, LLP, N.Y., NY, for Amicus Curiae American Jewish Committee, Americans for Religious Liberty, Association of Reform Rabbis of Greater St. Louis, Disciples for Choice, Disciples for Justice Action, The Ethical Society of St. Louis, National Council of Jewish Women, St. Louis Area Unitarian Universalist Council, St. Louis Rabbinical Association, United Church of Christ St. Louis Association Council, United Synagogue of Conservative Judaism and Women of Reform Judaism.

PER CURIAM.

Planned Parenthood[1] appeals the Jackson County Circuit Court's determination

---

1. Plaintiffs–Appellants are: Planned Parenthood of Kansas and Mid–Missouri, Inc.; Planned Parenthood of the St. Louis Region, Inc.; Comprehensive Health of Planned Parenthood of Kansas and Mid–Missouri, Inc.; Reproductive Health Services of Planned Parenthood of the St. Louis Region, Inc.; and the Missouri Religious Coalition for Reproductive Choice. These entities will collectively be referred to as "Planned Parenthood." Defendants–Respondents are Missouri Attorney General Jeremiah W. Nixon, St. Louis City

that section 188.250, RSMo Supp.2005, is constitutional as construed by the circuit court.

Section 188.250[2] creates a civil cause of action against any person who intentionally causes, aids or assists a minor in obtaining an abortion without parental consent or appropriate court order allowing for a judicial bypass of the consent requirement under section 188.028, RSMo Supp.2005.

The circuit court, after a thorough and thoughtful analysis, gave section 188.250 a narrowed construction, holding that the statute "cannot constitutionally reach the giving of information or counseling regarding the reproductive rights and options of minors." The circuit court upheld section 188.250 against Planned Parenthood's other constitutional challenges.

Planned Parenthood appealed directly to this Court, which has exclusive appellate jurisdiction in determining the validity of a Missouri statute. Mo. Const. art. V, sec. 3. As discussed in Sections II and III below, Planned Parenthood has standing to raise these issues and they are ripe for review. As discussed in Section IV, the statute is not violative of the First Amendment, because the phrase "aid or assist" in section 188.250.1 is given a narrowed construction to exclude speech or expressive conduct. In this way, the phrase "aid or assist" does not include the provision of information or counseling, but does include conduct that is not considered speech. Under this narrowed construction, section 188.250 does not violate the First Amendment of the United States Constitution or the comparable free speech guarantee of the Missouri Constitution. As discussed in Section V, Planned Parenthood's vagueness argument is rendered moot by this Court's holding. As discussed in Section VI, the statute does not violate the Commerce Clause or the due process rights of non-Missouri health care providers because it is given a narrowed construction so as not to apply to wholly out-of-state

Circuit Attorney Jennifer Joyce, Boone County Prosecuting Attorney Kevin Crane, Jackson County Prosecuting Attorney Michael Sanders, and the Missouri Board of Registration for the Healing Arts (collectively, the "State").

2. Section 188.250 states:

1. No person shall intentionally cause, aid, or assist a minor to obtain an abortion without the consent or consents required by section 188.028.

2. A person who violates subsection 1 of this section shall be civilly liable to the minor and to the person or persons required to give the consent or consents under section 188.028. A court may award damages to the person or persons adversely affected by a violation of subsection 1 of this section, including compensation for emotional injury without the need for personal presence at the act or event, and the court may further award attorneys' fees, litigation costs, and punitive damages. Any adult who engages in or consents to another person engaging in a sex act with a minor in violation of the provisions of chapter 566, 567, 568, or 573, RSMo, which results in the minor's pregnancy shall not be awarded damages under this section.

3. It shall not be a defense to a claim brought under this section that the abortion was performed or induced pursuant to consent to the abortion given in a manner that is otherwise lawful in the state or place where the abortion was performed or induced.

4. An unemancipated minor does not have capacity to consent to any action in violation of this section or section 188.028.

5. A court may enjoin conduct that would be in violation of this section upon petition by the attorney general, a prosecuting or circuit attorney, or any person adversely affected or who reasonably may be adversely affected by such conduct, upon a showing that such conduct:

(1) Is reasonably anticipated to occur in the future; or

(2) Has occurred in the past, whether with the same minor or others, and that it is not unreasonable to expect that such conduct will be repeated.

conduct. Finally, as discussed in Sections VII and VIII, the statute does not impose an undue burden on minors seeking abortions, nor does it violate the right to travel of Missouri minors. The judgment is affirmed as modified by this Court.

## I. Standard of Review

 The constitutionality of a statute is a question of law, the review of which is *de novo. Weinschenk v. State,* 203 S.W.3d 201, 210 (Mo. banc 2006). A statute's validity is presumed, and a statute will not be declared unconstitutional unless it clearly contravenes some constitutional provision. *Doe v. Phillips,* 194 S.W.3d 833, 841 (Mo. banc 2006).

## II. Standing

 Before reaching the merits of this case, this Court must address the State's challenges of standing and ripeness. The State contends that Planned Parenthood lacks standing to bring this declaratory judgment suit on its own behalf because it has not been threatened with enforcement and, therefore, lacks injury-in-fact. Planned Parenthood, however, alleges an injury-in-fact for each of the claims it brings on its own behalf. In an action for declaratory judgment, the plaintiff is required to have a legally protectable interest at stake in the outcome of the litigation. *Ste. Genevieve School Dist. R–II v. Board of Alderman of the City of Ste. Genevieve,* 66 S.W.3d 6, 10 (Mo. banc 2002). "A legally protectable interest exists if the plaintiff is directly and adversely affected by the action in question or if the plaintiff's interest is conferred by statute." *Id.*

As to its First Amendment and vagueness claims, Planned Parenthood is direct-

ly and adversely affected by section 188.250 because it cannot continue providing information and counseling to minors about abortion without risking liability under the statute. Planned Parenthood's legally protectable interest in the outcome of this litigation is its desire to exercise its First Amendment rights to provide advice to women and minors who are seeking abortions without being subjected to civil liability. It has standing to bring the First Amendment and vagueness claims.

As to its Commerce Clause and due process claims, Planned Parenthood alleges an injury-in-fact because it alleges that some of the plaintiffs are located outside of Missouri at the time they aid or assist Missouri minors in obtaining abortions.[3] Planned Parenthood's legally protectable interest in the outcome of this litigation is its desire to continue to engage in out-of-state conduct that may aid or assist Missouri minors to obtain an abortion without being subjected to civil liability in Missouri. Planned Parenthood has standing to bring its Commerce Clause and due process claims.

 The State further argues that even if Planned Parenthood had standing to bring this action on its own behalf, it does not have standing to bring this action on behalf of its minor patients because it is not a physician and because its interests may be adverse to those of the minor. Due partly to the obstacles of a woman asserting her own abortion rights, "it generally is appropriate to allow a physician to assert the rights of women patients as against governmental interference with the abortion decision." *Singleton v. Wulff,* 428 U.S. 106, 118, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). However, third party standing

**3.** For example, Comprehensive Health of Planned Parenthood of Kansas and Mid–Missouri, Inc. and its staff are located in Kansas

at the time they aid or assist Missouri minors to obtain an abortion.

to challenge abortion restrictions is not limited solely to physicians. Planned Parenthood and other abortion providers have repeatedly been allowed to assert third party standing on behalf of their minor patients. *See Planned Parenthood of Se. Pa. v. Casey,* 505 U.S. 833, 899, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992); *Ohio v. Akron Center for Reproductive Health,* 497 U.S. 502, 510–18, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990); *Planned Parenthood Ass'n of Kansas City, Mo., Inc. v. Ashcroft,* 462 U.S. 476, 490–93, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983); *City of Akron v. Akron Ctr. for Reprod. Health,* 462 U.S. 416, 439–41, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983) (*overruled on other grounds, Casey,* 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674); *Planned Parenthood of Central Mo. v. Danforth,* 428 U.S. 52, 56, 72–75, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976); *Planned Parenthood, Sioux Falls Clinic v. Miller,* 63 F.3d 1452, 1458–63 (8th Cir. 1995). Further, the United States Supreme Court has tacitly allowed Planned Parenthood to sue on behalf of its minor patients in a challenge to Missouri's own parental consent law, section 188.028, RSMo Supp.1982. *Ashcroft,* 462 U.S. at 490–93, 103 S.Ct. 2517.

The State argues that Planned Parenthood should not have standing because a minor could sue Planned Parenthood under section 188.250 if Planned Parenthood aided or assisted that minor to obtain an abortion without parental consent or judicial bypass. This possibility, the State argues, makes Planned Parenthood's interests adverse to that of the minor's and deprives Planned Parenthood of standing to challenge the statute on behalf of its minor patients. The State does not cite any authority for this argument, and it is unpersuasive. As previously noted, there is extensive precedent allowing abortion providers to challenge abortion statutes on behalf of their patients. Some of these

statutes involve the possibility of the patient and the abortion provider being on opposite sides of civil litigation in the event that the statute is violated, yet that possibility has never deprived the abortion provider of standing before. *See, e.g., Planned Parenthood of Se. Pa. v. Casey,* 505 U.S. at 902–04, 112 S.Ct. 2791 (United States Supreme Court tacitly gave Planned Parenthood standing to sue on behalf of its patients despite the fact that Planned Parenthood and its patients could potentially be on opposite sides of civil litigation if the statute was violated). Likewise, speculation that a minor may sue Planned Parenthood under section 188.250 does not deprive Planned Parenthood of standing to bring this action.

Planned Parenthood has standing to sue on its own behalf and on behalf of its minor patients.

## III. Ripeness

The State next argues that the case is not ripe for adjudication because Planned Parenthood has not alleged an attempted enforcement under section 188.250 by the Attorney General, prosecutors, or individuals.

■ A petitioner must allege a controversy that is ripe for judicial determination to obtain a declaratory judgment. *Missouri Health Care Ass'n v. Attorney Gen. of the State of Mo.,* 953 S.W.2d 617, 621 (Mo. banc 1997). The stated purpose of the declaratory judgment act is to allow parties "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Section 527.120, RSMo 2000. By statute, declaratory judgment actions are to be "liberally construed and administered." *Id.*

■ There can be a ripe controversy before a statute is enforced. *Missouri*

*Health Care Ass'n,* 953 S.W.2d at 621. "Parties need not subject themselves to a multiplicity of suits or litigation or await the imposition of penalties under an unconstitutional enactment in order to assert their constitutional claim for an injunction ... [o]nce the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act." *ANR Pipeline Co. v. Corp. Com'n of State of Okla.,* 860 F.2d 1571, 1578 (10th Cir.1988); *see also Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (a petitioner need not expose himself to enforcement before challenging a statute). One must assume the State will enforce its laws. *See Tietjens v. City of St. Louis,* 359 Mo. 439, 222 S.W.2d 70, 72 (Mo. banc 1949) (action was ripe even where city was not prepared to enforce the ordinance and the plaintiffs had not yet actually violated the ordinance).

■ Pre-enforcement constitutional challenges to laws are ripe when (1) "the facts necessary to adjudicate the underlying claims [are] fully developed" and (2) "the laws at issue [are] affecting the plaintiffs in a manner that [gives] rise to an immediate, concrete dispute." *Missouri Health Care Ass'n,* 953 S.W.2d at 621. "Cases presenting predominantly legal questions are particularly 'amenable to a conclusive determination in a pre-enforcement context,' and generally require less factual development." *Surrick v. Killion,* 449 F.3d 520, 528 (3d Cir.2006) (*quoting Presbytery of N.J. of Orthodox Presbyterian Church v. Florio,* 40 F.3d 1454, 1468 (3d Cir.1994)); *see also Abbott Laboratories v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (issues pre-

sented were appropriate for judicial resolution because the issue was a legal one).

### A. Ripeness of the First Amendment Claims

■ Planned Parenthood's first claims are First Amendment claims and are ripe for review. The parties stipulated that Planned Parenthood is involved with women and sometimes minors seeking information about their reproductive options and rights. Planned Parenthood intends to engage in the arguably proscribed activity of providing information and counseling to minors who may seek an abortion. The facts necessary to adjudicate the First Amendment claims are sufficiently developed as these claims present the largely legal question of whether provision of information and counseling about abortion to minors is prohibited by the statute and, therefore, requires less factual development. Here, the analysis of whether section 188.250 violates Planned Parenthood's First Amendment rights would essentially be unaffected by further factual development.

The law also affects Planned Parenthood in a way that gives rise to an immediate, concrete dispute. Planned Parenthood provides information and counseling to minors about abortion. There is an immediate, concrete dispute as to whether Planned Parenthood may be held liable— by parties to the present suit or others [4]— under section 188.250 for providing information and counseling about abortion to minors because the statute forces Planned Parenthood to restrict the information it gives to minors or risk significant liability. *See Abbott Laboratories,* 387 U.S. at 152, 87 S.Ct. 1507 (dispute immediate and appropriate for judicial review because petitioners had to choose between complying

---

4. Section 188.250 provides for enforcement not only by the Attorney General, but by pros- ecuting attorneys and private citizens as well in circumstances set out in the statute.

with the labeling requirements, a substantial investment, or follow their present course of action and risk prosecution).

Further, the ripeness threshold is lowered considerably in the context of pre-enforcement challenges under the First Amendment.

> The courts have repeatedly shown solicitude for First Amendment claims because of concern that, even in the absence of a fully concrete dispute, unconstitutional statutes or ordinances tend to chill protected expression among those who forbear speaking because of the law's very existence. This concern is particularly acute with regard to facial challenges to a statute or ordinance.

*Peachlum v. City of York,* 333 F.3d 429, 434–35 (3d Cir.2003). *See also, e.g., Martin Tractor Co. v. Federal Election Comm'n,* 627 F.2d 375, 380 (D.C.Cir.1980) ("Within the first amendment arena the jurisprudential criteria for constitutional adjudication are sometimes relaxed when a facial attack is launched.... [I]n such cases, the ripeness doctrine has been more loosely applied."); Wright, Miller & Cooper, 13A Federal Practice & Procedure: Jurisdiction 2d, Sec. 3532.3 ("First amendment rights of free expression and association are particularly apt to be found ripe for immediate protection because of the fear of irretrievable loss. In a wide variety of settings, courts have found First Amendment claims ripe, often commenting directly on the special need to protect against any inhibiting chill."). The controversy is ripe as to Planned Parenthood's First Amendment claims.

### B. Ripeness of the Commerce Clause and Due Process Claims

█ Planned Parenthood also contends that to the extent that section 188.250 attempts to regulate out-of-state conduct, it violates the Commerce Clause and the due process rights of non-Missouri professionals. This claim is ripe in that the facts are sufficiently developed here as well. Planned Parenthood alleges that some of the plaintiffs are located outside of Missouri at the time they aid or assist Missouri minors in obtaining abortions. Whether section 188.250 reaches these out-of-state activities and whether that violates the constitution present predominantly legal questions that need little factual development. Planned Parenthood intends to engage in the arguably proscribed activity of providing out-of-state abortion assistance to Missouri minors. There is an immediate, concrete dispute as to whether section 188.250 may be enforced against Planned Parenthood for this activity.

### C. Ripeness of the Undue Burden and Right to Travel Claims

█ Planned Parenthood also claims that the law imposes an undue burden on minors to obtain an out-of-state abortion and that it violates their right to travel. The facts are sufficiently developed for these claims as well. The parties stipulated that Missouri women and minors travel to other states, particularly Illinois and Kansas, for the purpose of obtaining an abortion. These claims are ripe for adjudication in that whether or not section 188.250 violates the minors' right to travel or imposes upon them an undue burden are predominantly legal questions requiring less factual development. One must assume that the State will enforce its laws. Whether any enforcement of section 188.250 would violate the constitutional rights of these minors is an immediate, concrete dispute.

Having addressed the State's standing and ripeness challenges, the merits of Planned Parenthood's appeal can now be discussed.

## IV. First Amendment Challenge

■ Planned Parenthood's First Amendment argument centers around section 188.250.1, which states that "[n]o person shall intentionally cause, aid, or assist a minor to obtain an abortion without the consent or consents required by section 188.028." Planned Parenthood contends that the plain meaning of the phrase "aid or assist" includes speech. It states that it provides information and counseling to minors about pregnancy options, including abortion. It argues that this speech is protected speech under the First Amendment, yet it is banned by section 188.250 because such speech could "aid or assist" a minor in obtaining a lawful abortion. Arguing that the statute bans protected speech, Planned Parenthood asserts that this law violates its First Amendment rights under the United States Constitution and comparable free speech guarantee of the Missouri Constitution and it should be struck down in its entirety.

■ The information and counseling provided by Planned Parenthood do not fall into any unprotected category, but rather are core protected speech. It was argued that to the extent this protected speech could "aid or assist" a minor to have a lawful abortion, it is prohibited by section 188.250. To so construe section 188.250 would require this Court to find that the section violates the First Amendment. However, "First Amendment principles do not always require that a statute be struck down even though it is broadly drawn." *State v. Moore*, 90 S.W.3d 64, 67

(Mo. banc 2002). Instead, courts may use a narrowing construction when "the parties challenging the statute are those who desire to engage in protected speech that the overbroad statute purports to punish." *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 504, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). A narrowing construction is the preferred remedy in First Amendment cases.[5] In those instances, a statute is construed so as to be in harmony with the constitution and upheld. *Brockett*, 472 U.S. at 504, 105 S.Ct. 2794. To the extent that "aid and assist" can be read to apply to speech, it must be subject to a narrowing construction. A narrowing construction, however, is only appropriate if it is not inconsistent with legislative intent. *Id.* at 506, 105 S.Ct. 2794.

Although Planned Parenthood argues that section 188.250 restricts protected speech, it need not be invalidated in its entirety to pass constitutional muster. Instead, it may be upheld by a narrowing construction of the statute's terms "aid" and "assist" to exclude providing information or counseling.

■ Further, Missouri's statute on construction of statutes states that an entire statute should not be invalidated:

unless the court finds the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court

---

**5.** *See Osborne v. Ohio*, 495 U.S. 103, 119, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) ("Courts routinely construe statutes so as to avoid the statutes' potentially overbroad reach"); *New York v. Ferber*, 458 U.S. 747, 769 n. 24, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) ("When a federal court is dealing with a federal statute challenged as overbroad, it should, of course, construe the statute to avoid constitutional

problems, if the statute is subject to such a limiting construction.... A state court is also free to deal with a state statute in the same way."); *State v. Moore*, 90 S.W.3d 64, 67 (Mo. banc 2002) ("If the statute may fairly be construed in a manner which limits its application to a 'core' of unprotected expression, it may be upheld against the charge that it is overly broad.").

finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

Section 1.140, RSMo 2000. A narrowing construction is proper here as all statutes should be upheld to the fullest extent possible. *See National Solid Waste Mgmt. Ass'n v. Dir. of Dept. of Natural Resources,* 964 S.W.2d 818, 822 (Mo. banc 1998). It is presumed that the General Assembly would not pass laws in violation of the constitution. *Missouri Ass'n of Club Executives, Inc. v. State,* 208 S.W.3d 885, 888 (Mo. banc 2006).

If the General Assembly were concerned solely with prohibiting information and counseling, it would have stated so specifically in section 188.250. The statute bans all aid and assistance and does not solely target speech and expressive conduct.

The phrase "aid or assist" in section 188.250.1 cannot be constitutionally construed to include protected activities such as providing information or counseling. This Court gives the phrase "aid or assist" in section 188.250.1 a narrowed construction so as not to include speech or expressive conduct. As so construed, it does not bar providing information or counseling and does not violate the First Amendment. This narrowing construction is consistent with this Court's understanding that the legislature would seek to regulate conduct even if regulation of speech and expressive conduct is barred by the First Amendment. Section 1.140.

## V. Vagueness

Planned Parenthood next argues that the circuit court's construction of section 188.250 is impermissibly vague because it is not clear what speech is excluded from the statute. The circuit court's judgment stated, "as a matter of judicial construction, that [section 188.250] cannot constitutionally reach the giving of information or counseling regarding the reproductive rights and options of minors." Planned Parenthood argues that this is vague because it is unclear what speech is encompassed within the phrase "regarding the reproductive rights and options of minors." This Court's holding does not employ that phrase. Thus, Planned Parenthood's argument that the circuit court's judgment renders section 188.250 unconstitutionally vague is now moot.

## VI. Commerce Clause and Due Process

■■■■ Planned Parenthood contends that section 188.250 violates the Commerce Clause of the United States Constitution. It argues that the section's practical effect is to regulate commerce outside of Missouri's borders in that it requires non-Missouri health care providers and others who are engaged in speech and conduct wholly outside Missouri to comply with the Missouri parental consent law before they "aid, or assist" a Missouri minor to obtain an abortion outside of Missouri. Planned Parenthood further contends that section 188.250 violates the due process rights of non-Missouri professionals who are at risk of violating the act by engaging in speech and conduct that is legal where it is performed.

■■■■ Of course, it is beyond Missouri's authority to regulate conduct that occurs wholly outside of Missouri, and section 188.250 cannot constitutionally be read to apply to such wholly out-of-state conduct. Missouri simply does not have the authority to make lawful out-of-state conduct actionable here, for its laws do not have extraterritorial effect. *See Bigelow v. Virginia,* 421 U.S. 809, 827–28, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975) (Virginia had no police powers over activities outside its borders and had little or no interest in

regulating what Virginians heard or read about abortion services in New York).

Section 188.250.3 states:

It shall not be a defense to a claim brought under this section that the abortion was performed or induced pursuant to a consent to the abortion given in a manner that is otherwise lawful in the state or place where the abortion was performed or induced.

To the extent that the defense prohibition in section 188.250.3 can be read to apply to both in-state and out-of-state conduct, the same "narrowing construction" analysis must be employed. The defense prohibition in that section is valid only to the extent that it provides that the legality of the conduct in the state or place where the abortion is performed or induced is no defense to a violation of the statute based on conduct occurring in Missouri.

Section 188.250 is valid only to the extent that it applies to in-state conduct and not to wholly out-of-state conduct.

## VII. Undue Burden

▬ Planned Parenthood next argues that section 188.250 imposes an undue burden on a minor to obtain an abortion. A state may not impose an "undue burden" on a woman's decision to have an abortion before fetal viability. *Planned Parenthood of Se. Pa. v. Casey,* 505 U.S. 833, 876–77, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). States may not pass laws that place a substantial obstacle in the path of a woman seeking an abortion. *Id.* at 877, 112 S.Ct. 2791.

At the time of the hearing, the evidence established that abortions were provided in only three counties in Missouri: Boone County, St. Louis County, and the City of St. Louis. The closest abortion provider for many minors in the western part of the state was in Kansas City, Kansas. Fur-

ther, minors in the eastern part of the state may seek abortions in Illinois, as there is frequently picketing at the abortion provider in the City of St. Louis. In Kansas, a minor must give her parents notice of her intention to have an abortion or she must get a judicial bypass in Kansas. The minor must also be accompanied by an adult in Kansas when getting an abortion. In Illinois, there is currently no requirement that a minor have parental consent or a judicial bypass.

ᵗPlanned Parenthood argues that section 188.250 imposes an undue burden on a minor to obtain an abortion because in some cases it requires a minor to choose between driving long distances to obtain an abortion in Missouri or to get two judicial bypasses—one in Missouri and one in another state—in order to get an out-of-state abortion. For example, Planned Parenthood argues, a minor living in Kansas City, Missouri, who wishes to obtain an abortion without involving her parents would have two options: she could get a judicial bypass in Missouri and drive to Columbia or St. Louis or she could obtain a judicial bypass in both Missouri and Kansas to get an abortion in Kansas City, Kansas. Planned Parenthood also argues that minors who cannot involve a parent in the abortion decision often bring a trusted adult with them, and section 188.250's prohibition of aiding or assisting a minor to get an abortion without parental consent could make it difficult for a minor to find a trusted adult willing to help them.

Planned Parenthood's arguments are unpersuasive. First, the United States Supreme Court has upheld Missouri's parental consent statute, section 188.028, RSMo Supp.1982. *Planned Parenthood Ass'n of Kansas City, Mo., Inc. v. Ashcroft,* 462 U.S. 476, 490–93, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983). Other parental consent with judicial bypass statutes have

also been upheld by the United States Supreme Court in *Casey*, 505 U.S. at 899–900, 112 S.Ct. 2791, and *Ohio v. Akron Center for Reproductive Health*, 497 U.S. 502, 518–20, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990).

Second, section 188.250 does not require some minors to obtain two judicial bypasses prior to having an out-of-state abortion. As previously discussed, section 188.250 does not apply to wholly out-of-state conduct. Thus, a minor would not have to obtain a judicial bypass from Missouri prior to getting an out-of-state abortion without parental consent if she lived out of state or traveled out-of-state. For the same reasons, it does not apply to adults who aid or assist minors only if or once those minors are not in Missouri.

Finally, the distance a minor has to travel to obtain an abortion is not prescribed by the statute and does not create an undue burden. *See Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 533 (8th Cir.1994) (scheduling limitations caused by physician availability, not state regulation, and a trip to a medical facility, whatever the distance, did not constitute an undue burden). Missouri has an interest in passing its own abortion regulations. It is not restricted by the abortion regulations passed in other states. Section 188.250 does not impose an undue burden on abortion rights in Missouri.

## VIII. Right to Travel

Planned Parenthood argues next that section 188.250 violates a minor's right to travel. The "right to travel" is composed of "at least three different components." *Saenz v. Roe*, 526 U.S. 489, 500, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999). It protects: (1) "the right of a citizen of one State to enter and to leave another State," (2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State," and (3) "for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Id.*

Planned Parenthood contends that section 188.250 violates the first two components of the right to travel. In regards to the first component, Planned Parenthood argues that section 188.250 violates the right of a citizen of one State to enter and leave another State.[6] This right is not restricted by section 188.250 as it imposes no obstacle on a minor to enter Missouri or to leave Missouri. Section 188.250 does not require a Missouri minor to obtain parental consent to obtain an abortion out-of-state, nor does it forbid Missouri minors to obtain out-of-state abortions. Planned Parenthood argues that section 188.250 violates the rights of minors to enter and leave another state because it deprives them of accompaniment. But section

**6.** Many of the cases Planned Parenthood cited to support this argument are not analogous here because they involve the third component of the right to travel, the right for a citizen who chooses to become a permanent resident of a state to be treated like other citizens of that state. Planned Parenthood cited *Attorney Gen. of N.Y. v. Soto–Lopez*, 476 U.S. 898, 106 S.Ct. 2317, 90 L.Ed.2d 899 (1986) (Preference in state employment for veterans who were New York residents at time of enlistment over other New York veterans unconstitutional); *Memorial Hosp. v.* *Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974) (One year residency requirement to receive non-emergency hospitalization or medical care at county hospital unconstitutional); *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972) (One year residency requirement to vote unconstitutional); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (Overruled on other grounds) (One year residency requirement for welfare benefits unconstitutional).

188.250 does not ban adults from accompanying minors to obtain an abortion; it simply requires those aiding or assisting minors to obtain an abortion to comply with the parental consent laws of Missouri. It "does not directly impair the exercise of the right to free interstate movement." *See Saenz v. Roe*, 526 U.S. at 501, 119 S.Ct. 1518 (California statute limiting welfare benefits to residents with less than one year of residency did not violate the right of a citizen of one State to enter and leave another State, because statute did not directly impair the right to free interstate movement); *Doe v. Miller*, 405 F.3d 700, 712 (8th Cir.2005) (Iowa residency restriction for sex offenders did not implicate the right to travel because it did not prevent the sex offender from entering or leaving the state).

Planned Parenthood also contends that section 188.250 violates the right to be treated as a welcome visitor rather than as an unfriendly alien when temporarily present in another state. This component of the right to travel stems from the privileges and immunities clause of Article IV of the United States Constitution. *Saenz v. Roe*, 526 U.S. at 501, 119 S.Ct. 1518. Section 188.250 does not treat non-Missouri residents differently from Missouri residents. This statute is unlike the statute in *Doe v. Bolton*, 410 U.S. 179, 200, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), where the United States Supreme Court struck down a Georgia requirement that a woman be a citizen of Georgia in order to obtain an abortion there. A non-Missouri resident may obtain an abortion in Missouri provided she follows the same requirements that a Missouri resident must follow to obtain an abortion in Missouri. Further, the statute does not dictate how other states treat their visitors.[7] Section 188.250 does not violate the right to travel.

## IX. Conclusion

Planned Parenthood has standing to challenge section 188.250, and its claims are ripe. In order to uphold the statute as not violative of the First Amendment, the phrase "aid or assist" in section 188.250.1 is construed to exclude speech or expressive conduct. In this way, the phrase "aid or assist" does not include the provision of information or counseling, but does include conduct that is not considered speech. Under this construction, section 188.250 does not violate the First Amendment of the United States Constitution or the comparable free speech guarantee of the Missouri Constitution. Since this construction modifies the circuit court's judgment, Planned Parenthood's argument that the circuit court's judgment was vague is now moot. Section 188.250 does not violate the Commerce Clause or the due process rights of non-Missouri health care providers because it does not apply to wholly out-of-state conduct. Further, section 188.250 does not create an undue burden, nor does it violate the right to travel. Section 188.250, under this narrowed construction, is not unconstitutional. The judgment is affirmed as modified by this Court.

All concur.

---

7. Also, as discussed previously, section 188.250 does not apply to wholly out-of-state conduct.