Mark BARRON, Shauna Barron, Kennadi Barron, Christy Barron, Cameron Smith–Barron and Richard Allen, Respondents,

v.

SHELTER MUTUAL INSURANCE COMPANY, Appellant.

No. SC 88003.

Supreme Court of Missouri, En Banc.

May 1, 2007.

William Clayton Crawford, Jack W. Green, Jr., Kansas City, MO, for Appellant.

Kenneth E. Siemens, Benjamin S. Creedy, St. Joseph, for Respondents.

PER CURIAM.

## Introduction

A fatal boating accident occurred on Lake Pomme de Terre in Hickory County. Shelter Insurance's insured's boat crashed into plaintiffs' pontoon boat while competing in a night time fishing tournament. Plaintiffs [1] sued Shelter's insureds for personal injury and wrongful death.[2] The parties reached a settlement agreement whereby Shelter would pay the plaintiffs any amounts available under the policies. The parties disputed various coverages under the policies, but agreed to resolve the dispute by this declaratory judgment action. The circuit court granted the plaintiffs' motion for summary judgment and overruled Shelter's motion.

The court of appeals found that the petition did not state a claim. This Court transferred the case, *Mo. Const. art. V, sec.* 10, determines that the petition did state a cause of action, and retransfers the case to the court of appeals.

## The settlement

The parties agreed that Rodney Oglesby's boat struck the plaintiffs' pontoon and that Billy Hunt was a passenger on Oglesby's boat. They agreed that Hunt and Oglesby each had a homeowner's policy and boatowner's policy with Shelter. They agreed that some of the coverages available in the policies were disputed and that the dispute would be resolved by filing a declaratory judgment action. Oglesby and Hunt were released from liability as consideration for the settlement agreement.

In light of their agreement, Shelter paid the insurance proceeds as to which the parties were not in disagreement. As previously noted, the parties then filed this declaratory judgment action to determine what additional insurance proceeds were payable.

## Declaratory judgment is available in this case

▇ A declaratory judgment action seeking the interpretation of an insurance policy, and the determination of liabilities arising under it, is properly brought under the declaratory judgment act. In determining whether or not a declaratory judgment should be entertained, the trial court is afforded considerable discretion. *American Family Mut. Ins. Co. v. Nigl,* 123 S.W.3d 297, 301 (Mo.App.2003).

▇ As noted in *Cotton v. Iowa Mut. Liability Ins. Co.,* 363 Mo. 400, 251 S.W.2d 246, 249 (1952), the insurer's obligation to pay the injured plaintiff does not arise until the insured's obligation to pay has been finally determined by judgment against the insured *or* by written agreement among the injured, the insured, and the insurer. In this case, there is such a written agreement. Shelter has agreed to pay any amounts provided by the applicable coverages. Such an agreement is an admission that its insureds are liable in an amount at least equal to those amounts and that it is liable to pay those amounts. Likewise, the injured parties have agreed that they will be compensated by the insureds solely out of any amounts payable under the policies. All this is done as a

---

1. The plaintiffs were Mark and Shauna Barron and their child, Kennadi, Christy Barron and her child, Cameron, and Richard Allen. Kain Barron was Mark and Shauna Barron's child, and Carissa Barron was Christy Barron's and Richard Allen's child.

2. Kain and Carissa Barron were on the pontoon boat and died from injuries sustained in the accident.

settlement to resolve plaintiffs' underlying suit for damages.

Plaintiffs seeking declaratory relief must demonstrate a justiciable controversy for which they have no adequate remedy at law. A justiciable controversy exists where the plaintiff has a legally protectible interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination. A controversy is ripe if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing and to grant specific relief of a conclusive character. *Levinson v. State,* 104 S.W.3d 409, 411–12 (Mo. banc 2003).

This suit meets this criteria. The insureds' liability to the plaintiffs has been determined by the settlement. Under that settlement, the plaintiffs have a right to recover from the insurer if coverage exists. The controversy between the parties is the exact number of coverages that exist under the applicable insurance policies. The parties have adverse interests as to the number of coverages that exist. The parties have reduced the controversy to the specific language of the policies, and the trial court can grant the specific dollar amount to which the plaintiffs are entitled. Under these circumstances, the parties properly sought a declaratory judgment.

### Conclusion

Having determined that the petition for a declaratory judgment in this case states a cause of action, the case is retransferred to the court of appeals for resolution of the parties' remaining points.

All concur.