**VALLEY PARK FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, Appellant,**

v.

**ST. LOUIS COUNTY, Missouri, St. Louis County Council, and John Friganza, Collector of Revenue, Respondents.**

No. ED 90796.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 14, 2008.

Gregory H. Wolk, St. Louis, MO, for appellant.

Christopher J. McCarthy, Clayton, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Valley Park Fire Protection District (hereinafter, "Fire District") appeals from the trial court's grant of summary judgment in favor of St. Louis County (hereinafter "the County"), the St. Louis County Council and its members (hereinafter, "the County Council"), the Department of Revenue of St. Louis County, and John Friganza, the Collector of Revenue of St. Louis County (hereinafter, "the Collector") on Fire District's petition seeking a declaratory judgment and injunctive relief. Fire District raises three points on appeal. We find the case to be moot and dismiss for lack of a justiciable controversy.

The facts are undisputed. Fire District is a fire protection district as defined by Section 321.010 RSMo (2000)[1] and is a political subdivision of the State of Missouri located in the County. Lutheran Senior Services (hereinafter, "LSS") is a Missouri Benevolent Corporation established pursuant to Section 355.025 that owns and operates continuing care retirement communities throughout the County. One of LSS's retirement communities, Meramec Bluffs Senior Living Community (hereinaf-

ter, "Meramec Bluffs"), lies wholly within Fire District's boundaries.

Pursuant to Section 321.230, Fire District has the authority to order the levy and collection of *ad valorem* taxes on and against all taxable property that lies within its boundaries. The Collector must collect the taxes on such properties which are not exempted from taxation and remit the collected taxes to the political subdivisions, such as Fire District, located within the County.

LSS petitioned the County for tax exemption for the real property and improvements at Meramec Bluffs after paying the property taxes assessed in 2000, '2001, and 2002 under protest. Fire District received notice of LSS's petition and was informed a hearing would be held on the issue. The County's Board of Equalization (hereinafter, "the Board") reviewed the petition and held a hearing on the matter on March 13, 2003. Fire District did not attend the hearing. After the hearing, the Board recommended that the County Council deny LSS's petition for tax exemption because the property was not actually and regularly used for religious worship or for purposes purely charitable as defined by Mo. Const. Art. X, Section 6 (1945).

After the Board made its determination, it sent a letter to LSS on March 19, 2003, informing LSS that its petition for tax exemption was denied. The letter also contained the following information with respect to LSS's right to appeal the Board's decision:

> You have the right to appeal the Board's decision by filing an appeal in writing to the ... County Council.... Your appeal must be filed within thirty (30) days of the date of this letter and should contain all those factors which you believe sup-

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

port your request for exemption, along with a copy of this letter.

LSS filed its appeal with the County Council pursuant to the procedure outlined in the letter. LSS did not appeal the Board's decision to the State Tax Commission or to the circuit court as permitted by Section 138.430.1.

When LSS filed its appeal, the St. Louis County Charter and the St. Louis County Revised Ordinances (hereinafter, "the SLCRO") contained two specific provisions that were in effect and are relevant to this appeal. Article II, Section 2.190.1 of the St. Louis County Charter states in pertinent part:

In addition to all other powers and duties vested in or required of the council under the provisions of this charter, the council shall have power, by order or resolution, to do the following:

(1) Correct errors in assessment records and tax records and compromise taxes as provided by law....

Similarly, Section 1, Chapter 503.090 of the SLCRO provided:

In the event a petition for correction of an erroneous assessment is denied by the board of equalization, the taxpayer, his agent or attorney may within thirty days thereafter file with the county clerk a written request for the County Council to consider the petition and the clerk shall promptly set the matter to hearing, and the County Council shall grant or deny the petition according to the facts and make all necessary orders for the correction of any errors found to exist and the assessment shall be corrected accordingly.

Pursuant to these provisions, the County Council's Revenue and Personal Committee reviewed LSS's appeal and recommended the Meramec Bluffs property be granted tax exempt status. On December 23, 2003, the County Council received and later approved the recommendation which resulted in exempting Meramec Bluffs from taxation for the 2000 through 2003 tax years and the years thereafter.

Fire District filed suit against the County and others [2] and LSS on June 1, 2006. Fire District petitioned the court to declare the County's appeals practice unconstitutional and enjoin the County from deciding any further applications for tax exemption. Further, Fire District asked the court to impose a tax lien on Meramec Bluffs for the 2000 through 2003 tax years and to declare Fire District had the authority to collect taxes on the property for the 2004 and 2005 tax years.

While the original action was pending, the County Council amended Section 1, Chapter 503.090 of the SLCRO on January 16, 2007, by way of Ordinance No. 23,074 and added the following language: "Board decisions which address the exclusion or exemption of property from assessments are not appealable as erroneous assessments." Pursuant to this amendment, the Board changed the manner in which it notified aggrieved taxpayers of their right to appeal exemption determinations. The Board's notification now advises taxpayers that they may appeal the Board's decision to either the State Tax Commission or the circuit court. Since January 16, 2007, the County Council has no longer entertained appeals concerning tax exemption status.

On July 25, 2007, Fire District entered into a settlement agreement with LSS and LSS was dismissed with prejudice from the lawsuit. Shortly thereafter, Fire District filed its third amended petition by consent order on September 21, 2007. In

2. We will refer to the County, the County Council, the Department of Revenue, and the Collector collectively as "the County" when discussing Fire District's points on appeal.

this petition, Fire District alleged the County's prior appeals practice "has in the past, is presently, and unless relief is granted by this court, will in the future," unlawfully deprive Fire District of tax revenue. Fire District sought a declaratory judgment finding the County's prior appeals practice was in excess of the authority granted to the County Council and sought to enjoin the County from enacting future orders, resolutions or ordinances that purportedly exempt property from taxation.

Both parties subsequently filed motions for summary judgment. The trial court issued its judgment on November 26, 2007, granting summary judgment in favor of the County. The trial court held the combined effect of the SLCRO amendment on January 16, 2007, along with the settlement entered into with LSS, rendered Fire District's claims moot with respect to the allegations in its third amended petition. The trial court also determined Fire District lacked the requisite standing to maintain its suit and denied its request for an award of attorney's fees. Fire District appeals.

■■■ Fire District raises three points on appeal. Here, Fire District's third amended petition sought declaratory and injunctive relief. The trial court may grant declaratory relief if presented with: "(1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, 'consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief'; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law." *Lane v. Lensmeyer,* 158 S.W.3d 218, 222 (Mo. banc 2005).

■■■ Fire District urges us to find its request for declaratory relief remained a live and justiciable controversy despite the County's amendment to its appeals practice and the settlement it reached with LSS. "A justiciable controversy exists where the plaintiff has a legally protectible interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Barron v. Shelter Mut. Ins. Co.,* 220 S.W.3d 746, 748 (Mo. banc 2007). It is essential that a justiciable controversy exist in order for the trial court to exercise its jurisdiction over a petition for declaratory judgment. *Roach Law Firm v. Beilenson,* 224 S.W.3d 57, 60 (Mo.App. E.D.2007). The trial court abuses its discretion when it rules on a declaratory judgment action when no justiciable controversy exists. Id. Moreover, we note "[a] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.,* 220 S.W.3d 301, 304 (Mo. banc 2007).

Fire District states in its brief, "This case has particular importance because Fire District's action *has already achieved the result it sought to achieve.*" (Emphasis in original). Our review of the record supports this statement in that by the time Fire District filed its third amended complaint, the County's appeals practice about which Fire District complained had been amended by the passage of Ordinance No. 23,704 (2007). Additionally, Fire District had settled its claims for tax revenue from LSS with respect to Meramec Bluffs. Moreover, there is no other property located within Fire District's boundaries, or otherwise, which was processed through the County's prior appeals procedure.

At the time the trial court entered summary judgment in the County's favor, there was no justiciable controversy pending in that there was no additional relief the trial court could grant to Fire District based upon the claims raised in its third amended petition. As such, the only purpose served by ruling on the issues raised in the parties' motions for summary judgment would be to issue an advisory opinion concerning the lawfulness of the County's prior appeals practice which has since been repealed.

Based on the foregoing, we find the trial court erred in granting the County's motion for summary judgment in that no justiciable controversy existed upon which to rule in light of Fire District's claims being rendered moot prior to adjudication.

Likewise, we cannot address the merits of Fire District's claims on appeal with respect to standing, its third amended petition, and its request for attorneys' fees.[3]

Therefore, we dismiss this appeal for lack of jurisdiction. The case is remanded to the trial court with instructions to vacate the judgment and dismiss Fire District's action.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.

---

**3.** *See Buckhannon Bd. & Care Home, Inc., v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598, 600, 121 S.Ct. 1835, 1838, 149 L.Ed.2d 855 (2001)(rejecting the catalyst theory and holding that the term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct").