John DOE, Plaintiff–Appellant,

v.

Ron WORSHAM, in his official capacity as Sheriff of Webster County, and as representative of all Missouri sheriffs,

and

Danette Padgett, in her official capacity as Prosecutor of Webster County, and as representative of all Missouri county prosecutors,

and

Colonel James F. Keathley, in his official capacity as Superintendent, Missouri Highway Patrol, Defendants–Respondents.

No. SD 29402.

Missouri Court of Appeals,
Southern District,
District Two.

July 7, 2009.

Motion for Rehearing and Transfer Denied
July 28, 2009.

Application for Transfer Denied
Sept. 1, 2009.

Jason T. Umbarger, Springfield, MO, for Appellant.

Chris Koster, Attorney General, Jefferson City, and Randell G. Collins, Assistant Attorney General, Kansas City, MO, for Respondents.

GARY W. LYNCH, Chief Judge.

John Doe appeals from the trial court's judgment in favor of Ron Worsham, Sheriff of Webster County; Danette Padgett, Prosecutor for Webster County; and Colonel James F. Keathley, Superintendent of the Missouri State Highway Patrol (collectively, "Respondents"), dismissing Doe's petition for failure to state a claim upon which relief can be granted, pursuant to Rule 55.27(a)(6).[1] Doe contends that the trial court erred in granting the dismissal, asserting that his petition for declaratory judgment sufficiently pleaded facts and made inferences which, if deemed to be true, would entitle Appellant to "an order declaring [Missouri's Sex Offender Registration Act ("SORA"), sections 589.400 to 589.425, RSMo Cum.Supp.2008] unconstitutional." This Court finds the issue moot for lack of a justiciable controversy because Doe is required to register as a sex offender under the federally mandated Sexual Offenders Registration and Notification Act ("SORNA"), codified at 42 U.S.C. §§ 16911–16917, irrespective of whether SORA constitutionally requires such registration, and we affirm the trial court's dismissal.

### Factual and Procedural Background [2]

■ Doe's petition for declaratory judgment alleged that in 1993, he entered guilty pleas to one count of committing an immoral and indecent act with a child under fourteen years of age and two counts

of child molestation, in violation of Georgia state law. He was sentenced to three concurrent ten-year terms and served three years in a state penitentiary operated by the Georgia Department of Corrections. The balance of his sentence was completed on probation. He currently resides in Missouri and is required by SORA to register in his county of residence.

Doe's petition sought a declaration that SORA was unconstitutional. All Respondents filed motions to dismiss, asserting a failure on the part of Doe to state a claim upon which relief can be granted, pursuant to Rule 55.27(a)(6). The trial court entered a judgment dismissing the petition, and this appeal followed.

### Standard of Review

■ Our review of the trial court's judgment of dismissal is *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). In determining whether Doe's petition for declaratory judgment was sufficient to survive a motion to dismiss, we deem the facts as pleaded to be true, construe his averments liberally, and draw all reasonable and fair inferences from the facts in his favor. *Bailey v. Bd. of Prob. & Parole*, 36 S.W.3d 13, 15 (Mo.App.2000). The function of a declaratory judgment is to dispel uncertainty as to legal rights and is only appropriate where a plaintiff can obtain relief against the defendant. *King*

---

1. All rule references are to Missouri Court Rules (2009), unless otherwise indicated.

2. Doe's statement of facts submitted to this Court is entirely deficient, incomplete, and non-compliant with Rule 84.04(c), which states, "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination[.]" Doe presents four short sentences of procedural background related solely to his grounds for appeal, which does little to assist

this Court in determining the factual context of his legal claim of error, as required by the rule. While a deficient statement of facts may in and of itself warrant dismissal of an appeal, because the issue before us concerns the sufficiency of the petition, we exercise our discretion to review the appeal on its merits. *See Camden County ex rel. Camden County Comm'n v. Lake of the Ozarks Council of Local Governments*, 282 S.W.3d 850, 853 (Mo.App. 2009).

*Louie Bowling Corp. v. Mo. Ins. Guar. Ass'n,* 735 S.W.2d 35, 38 (Mo.App.1987).

### Discussion

The trial court may grant declaratory relief if presented with: "(1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, 'consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law." *Valley Park Fire Protection Dist. of St. Louis County v. St. Louis County,* 265 S.W.3d 910, 913 (Mo.App.2008) (quoting *Lane v. Lensmeyer,* 158 S.W.3d 218, 222 (Mo. banc 2005)). "A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Barron v. Shelter Mut. Ins. Co.,* 220 S.W.3d 746, 748 (Mo. banc 2007). "It is essential that a justiciable controversy exist in order for the trial court to exercise its jurisdiction over a petition for declaratory judgment." *Valley Park Fire Protection Dist. of St. Louis County,* 265 S.W.3d at 913 (citing *Roach Law Firm v. Beilenson,* 224 S.W.3d 57, 60 (Mo.App.2007)).

Doe's petition alleged that the requirement that he register as a sex offender under SORA violates Missouri's constitution in several respects. Respondents' motions to dismiss contended that regardless of the constitutionality of Missouri's SORA, the federal SORNA nevertheless requires such registration. Doe never responded in the trial court to this conten-

tion. Similarly, Doe did not address the applicability of SORNA in his initial brief filed in this Court, and no reply brief was ever filed, although the issue was once again raised in Respondents' brief. Doe's silence on this issue implies that he has no factual or legal basis to contest the registration requirement imposed upon him by SORNA.

Upon the facts alleged in Doe's petition, SORNA requires him to register as a sex offender. SORNA provides, *inter alia,* that "[a] sex offender shall register ... in each jurisdiction where the offender resides." 42 U.S.C. § 16913. Doe stated in his petition that he resides in Missouri. A "sex offense" includes a "criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(6). The Georgia offenses listed in Doe's petition have such an element. A "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). Doe's admitted Georgia convictions qualify him as a sex offender under this definition. SORNA applies to individuals who committed a sex offense prior to July 20, 2006. 42 U.S.C. § 16913(d); 28 C.F.R. § 72.3. Doe states in his petition that his convictions were in 1993. Therefore, SORNA imposes an independent obligation requiring Doe to register as a sex offender in Missouri.

Doe's independent obligation under SORNA to register as a sex offender in Missouri operates irrespective of state law and the constitutionality of SORA. *Doe v. Keathley,* 290 S.W.3d 719, 2009 WL 1674925 *1 (Mo. banc June 16, 2009). Thus, any declaration as to the unconstitutionality of SORA and its requirement for Doe to register as a sex offender is mooted by Doe's independent obligation to so register under SORNA. *See Precision Investments, L.L.C. v. Cornerstone Propane, L.P.,* 220 S.W.3d 301, 304 (Mo. banc 2007)

("A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then[-]existing controversy."). As such, Doe's petition states no justiciable controversy for resolution by way of declaratory judgment, and it was properly dismissed by the trial court. *George v. Brewer*, 62 S.W.3d 106, 110 (Mo.App.2001). Doe's point is denied.

### *Decision*

The judgment of the trial court dismissing Doe's petition is affirmed.

BURRELL, P.J., and RAHMEYER, J., concur.