## MID–CENTURY INSURANCE COMPANY, Plaintiff–Appellant,

v.

## Jamie WILBURN, Defendant–Respondent.

No. SD 32402.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 6, 2013.

Rehearing Denied Aug. 22, 2013.

Christopher J. Carpenter of Overland Park, KS, for Appellant.

C.H. Parsons, Jr., of Dexter, MO, for Respondent.

JEFFREY W. BATES, J.

Mid–Century Insurance Company (Mid–Century) appeals from a declaratory judgment entered against it in an action to determine whether its automobile liability insurance policy provided any coverage to the named insured on Mid–Century's policy.[1] The only defendant in that action, however, was the tort claimant. Because Mid–Century failed to join its own named insured as a party, the petition presented no justiciable controversy for the trial court to decide. Therefore, we do not reach the merits of this appeal. The judgment is reversed. On remand, the trial court is instructed to dismiss Mid–Century's petition without prejudice.

██ Given the dispositive issue on appeal, an abbreviated summary of the facts will suffice. In November 2007, Jamie Wilburn (Wilburn) filed a lawsuit against Brandon Smith (Smith). Wilburn's petition alleged, *inter alia*, that: (1) while crossing the street as a pedestrian, she

---

1. The judgment below inadvertently omitted "Company" from Mid–Century's name.

was struck by a 1995 Dodge Ram truck being driven by Smith; (2) Smith's operation of the truck was negligent in various respects; and (3) Wilburn sustained substantial damages in the form of personal injuries and medical expenses as the result of Smith's negligence.

In January 2011, Mid–Century filed a petition requesting declaratory relief. Tort claimant Wilburn was the only defendant. In relevant part, the petition alleged:

1. Wilburn had filed suit against Smith seeking damages for personal injuries sustained in the collision.

2. Farmers Insurance Company had issued a $30,000 automobile liability insurance policy covering Smith, as named insured, while he was operating the 1995 Dodge Ram truck.

3. Farmers Insurance Company paid its policy limit to Wilburn.

4. Smith also was a named insured on an automobile liability insurance policy issued by Mid–Century on a 1999 Ford Explorer (the Explorer policy).

5. Wilburn had demanded that Mid–Century pay its policy limit on the Explorer policy.

6. Said policy provided no coverage for Smith due to an exclusion and an anti-stacking provision in the policy.

7. Mid–Century had no duty to provide a defense to Smith in Wilburn's lawsuit or indemnify Smith for any damages awarded in, or settlements arising out of, that action.

The record on appeal does not explain why named insured Smith was not made a party to this declaratory judgment action, even though Mid–Century's avowed purpose in bringing the lawsuit was to obtain a judgment declaring that it had no duty to defend or indemnify him. The trial court entered a judgment in Wilburn's favor, and Mid–Century appealed.

Mid–Century contends that the trial court's judgment should be reversed because the court incorrectly determined that the Explorer policy provided coverage to Smith. For the reasons set forth below, we do not reach the merits of Mid–Century's appeal.

█ It is well settled that a justiciable controversy must exist in order for a trial court to grant declaratory relief. *See Akin v. Director of Revenue,* 934 S.W.2d 295, 298 (Mo. banc 1996); *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff,* 909 S.W.2d 348, 352 (Mo. banc 1995). Absent a justiciable controversy, the case or matter necessary to confer subject matter jurisdiction upon the trial court is lacking. *See* Mo. Const. art. V, § 14; *Mitchell v. Residential Funding Corp.,* 334 S.W.3d 477, 490–91 (Mo.App. 2010) (holding that the existence of standing, which is necessary to create a justiciable controversy, "insures that Missouri's jurisdictional requirement that the courts preside only over 'cases and matters' is met"); *Roach Law Firm v. Beilenson,* 224 S.W.3d 57, 60 (Mo.App.2007) (holding that a justiciable controversy must exist before a trial court has subject matter jurisdiction to grant declaratory relief); *Cottleville Community Fire Protection Dist. v. Morak,* 897 S.W.2d 647, 649 (Mo.App.1995) (same holding); *Witty v. State Farm Mut. Auto. Ins. Co.,* 854 S.W.2d 836, 839 (Mo.App.1993) (same holding). This requirement exists because Missouri courts are not permitted to issue advisory opinions. *See Turner v. Missouri Dept. of Conservation,* 349 S.W.3d 434, 443 (Mo.App.2011); *Witty,* 854 S.W.2d at 838.

█ Even though neither party to this appeal has raised the issue, we are required to determine *sua sponte* whether there was a justiciable controversy before the circuit court that invoked its constitutional subject matter jurisdiction. *See*

*Roach,* 224 S.W.3d at 60; *Automobile Club Inter-Insurance Exchange v. Nygren,* 975 S.W.2d 235, 237–38 (Mo.App.1998); *Witty,* 854 S.W.2d at 839. "A justiciable controversy exists where the plaintiff has a legally protectible interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Barron v. Shelter Mut. Ins. Co.,* 220 S.W.3d 746, 748 (Mo. banc 2007).

The first requirement is met because Mid–Century is a party to the liability insurance contract. *See Shelter Mut. Ins. Co. v. Vulgamott,* 96 S.W.3d 96, 102–03 (Mo.App.2003).

The second requirement is the existence of a substantial controversy between parties with genuinely adverse interests. Based upon our review of the record, this requirement has not been met. The petition asked the trial court to declare that Mid–Century had no duty to defend or indemnify its named insured, Smith, who was the other party to the insurance contract. Nonetheless, Smith was not joined as a party-defendant. Mid–Century's failure to do so violated Rule 87.04 (requiring, in relevant part, that "all persons shall be made parties who have or claim any interest which would be affected by the declaration").[2] The record contains no explanation for that failure. *See State ex rel. Missouri Parks Ass'n v. Missouri Dept. of Nat. Resources,* 316 S.W.3d 375, 387 (Mo. App.2010) (noting that plaintiff MPA provided no explanation for its failure to join Gessler as a party, even though the lawsuit was undertaken for the express purpose of revoking the permit Gessler had been issued by MPA). We conclude that Smith was an indispensable party who had to be joined in order for a justiciable controversy to exist. *See, e.g., Vulgamott,* 96

S.W.3d at 102–03; *American Economy Ins. Co. v. Ledbetter,* 903 S.W.2d 272, 276 (Mo.App.1995); *Witty,* 854 S.W.2d at 841–42. Mid–Century's contractual duty of defense is owed to its insured, Smith. On that issue, Mid–Century and Smith were the only parties whose interests were genuinely adverse. Therefore, joining tort claimant Wilburn as the only party-defendant did not create a justiciable controversy. At this juncture, the interests of Mid–Century and Wilburn also are not genuinely adverse as to any future duty of indemnification under the policy. Mid–Century's petition merely alleges that Wilburn has filed suit against Smith and has made a demand for the limits of the Explorer policy. Until Wilburn obtains a judgment against Smith or enters into a written settlement agreement with Smith and Mid–Century, Wilburn is not a third-party beneficiary of the insurance contract whose rights, status and legal relationship the trial court can declare. *See Barron,* 220 S.W.3d at 747–48; *Carden v. Missouri Intergovernmental Risk Management Ass'n,* 258 S.W.3d 547, 558 (Mo.App.2008).

▆▆▆ The third requirement is that the controversy be ripe for judicial determination. "A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character." *Missouri Health Care Ass'n v. Attorney General of the State of Mo.,* 953 S.W.2d 617, 621 (Mo. banc 1997). Based upon our review of the record, this requirement also has not been met. Mid–Century has asked this Court to reverse the existing judgment and remand the case for entry of a new judgment declaring that Mid–Centu-

---

2. All references to rules are Missouri Court Rules (2013). All references to statutes are

RSMo (2000).

ry had no duty to defend or indemnify named insured Smith. If we did so, it would not resolve any presently existing conflict or grant relief of a conclusive character. Because Smith is not a party to this action, he would not be bound by a judgment declaring that he was not entitled to a defense or indemnity from Mid–Century. *See* Rule 87.04 (stating that "no declaration shall prejudice the rights of persons not parties to the proceedings"); § 527.110; *State ex rel. City of Crestwood v. Lohman,* 895 S.W.2d 22, 34 (Mo.App. 1994); *In re 1985 Buick,* 788 S.W.2d 548, 549 (Mo.App.1990). Therefore, the judgment sought by Mid–Century would not grant relief of a conclusive character. Wilburn's presence as a party-defendant does not create a ripe controversy. As noted above, Wilburn is a stranger to the issue of whether Smith is owed a defense by Mid–Century. Accordingly, that question presents no presently existing controversy between Mid–Century and Wilburn. The same is true with respect to Mid–Century's duty to indemnify Smith. As our Supreme Court stated in *Barron,* "the insurer's obligation to pay the injured plaintiff does not arise until the insured's obligation to pay has been finally determined by judgment against the insured or by written agreement among the injured, the insured and the insurer." *See Barron,* 220 S.W.3d at 747. Because neither of those events has yet occurred, Wilburn's possible future interest in Mid–Century's duty to indemnify Smith is speculative. *See American Family Mut. Ins. Co. v. Nigl,* 123 S.W.3d 297, 301–02 (Mo.App.2003). "An interest that depends solely on a probability that one will be entitled to collect money from another in the future is not ripe for adjudication." *Borges v. Missouri Public Entity Risk Management Fund,* 358 S.W.3d 177, 182 (Mo.App.2012).

■ "Missouri courts do not issue opinions that have no practical effect and that are only advisory as to future, hypothetical situations." *State ex rel. Missouri Parks Ass'n v. Missouri Dept. of Nat. Resources,* 316 S.W.3d 375, 384 (Mo.App.2010). Because there was no justiciable controversy between Mid–Century and Wilburn, the trial court lacked subject matter jurisdiction to enter a judgment granting declaratory relief. *See Mitchell v. Residential Funding Corp.,* 334 S.W.3d 477, 490–91 (Mo.App.2010). Therefore, the judgment is reversed. The cause is remanded with instructions to dismiss Mid–Century's petition without prejudice. *See Borges,* 358 S.W.3d at 183–84; *Roach,* 224 S.W.3d at 61.

DANIEL E. SCOTT, P.J., and MARY W. SHEFFIELD, J., CONCUR.