

# Missouri Court of Appeals

## Southern District

### Division Two

JOSHUA RIDEOUT, )
)
    Plaintiff-Appellant, )
)
v. )    No. SD32736
)    Filed: 5-28-14
CHRIS KOSTER, et al., )
)
    Defendants-Respondents. )

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable John H. Bloodworth, Associate Circuit Judge

**PETITION FOR DECLARATORY RELIEF DISMISSED WITHOUT PREJUDICE**

Joshua Rideout (Rideout) filed a declaratory judgment action to have his name removed from the Missouri sex offender registry. After his petition was denied on the merits, he appealed. Pursuant to the authority granted to us by Rule 84.14, we enter the judgment the trial court ought to have entered and dismiss Rideout's petition without prejudice.[1]

---

[1] All rule references are to Missouri Court Rules (2013). Rule 84.14 provides that "[t]he appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." *Id*.; *see Schweich v. Nixon*, 408 S.W.3d 769, 772 (Mo. banc 2013) (relying on Rule 84.14 to dismiss without prejudice claims for declaratory relief that were premature).

In May 2006, Rideout pled guilty in federal district court to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[2] In August 2006, Rideout was sentenced to 78 months of incarceration in the Federal Bureau of Prisons, followed by 10 years of supervised release.[3] His sentence included a provision stating that, "[a]s the offense is one which requires registration as a sex offender, the special condition requiring compliance with sex offender registration law is ordered."

In April 2010, Rideout filed a petition seeking declaratory relief in the Circuit Court of Ripley County. The named defendants included the Missouri Attorney General, the Superintendent of the Missouri State Highway Patrol, and the Sheriff of Ripley County.[4] In Rideout's petition, he asked the circuit court to declare the Missouri Sex Offender Registration Act (SORA), §§ 589.400-.426, to be in violation of the Missouri Constitution and to enjoin the defendants from enforcing those statutes. By agreement of the parties, the case was transferred to Butler County.

In May 2013, a bench trial was held. Rideout testified that he was then on supervised release. While on supervised release, he was required to report to a federal probation officer and follow the registration scheme for sex offenders. He had never been arrested or charged with violating any of the laws he challenged in his petition. The trial court entered a judgment on the merits for the defendants and denied the declaratory relief requested by Rideout. This appeal followed.

---

[2] References to the United States Code are to the version in effect in 2006. References to Missouri statutes are to RSMo Cum. Supp. (2013).

[3] Based upon these sentencing conditions, Rideout could be on supervised release until February 2023.

[4] Although the petition named additional defendants, their motions to dismiss were granted by the trial court.

Rideout's four points on appeal are all based upon the premise that his obligation to comply with SORA violates the Missouri Constitution. Because Rideout is still under federal court jurisdiction while he is on supervised release, Respondents argue that the trial court lacked the authority to change any of the conditions imposed by the federal court's judgment. For that reason, Respondents argue that Rideout's petition for declaratory relief is premature and should have been dismissed without prejudice. We agree.

"It is well settled that a justiciable controversy must exist in order for a trial court to grant declaratory relief." *Mid-Century Ins. Co. v. Wilburn*, 422 S.W.3d 326, 328 (Mo. App. 2013). We are required to determine whether there is a justiciable controversy before addressing the merits of the action. *See Schweich v. Nixon*, 408 S.W.3d 769, 773 (Mo. banc 2013). As our Supreme Court explained in *Schweich*, "[j]usticiability is a 'prudential' rather than a jurisdictional doctrine." *Id*.[5] A justiciable controversy exists where: (1) the plaintiff has a legally protectable interest at stake; (2) a substantial controversy exists between parties with genuinely adverse interests; and (3) that controversy is ripe for judicial determination. *Id*.; *Mo. Health Care Ass'n v. Attorney Gen. of Mo.*, 953 S.W.2d 617, 620 (Mo. banc 1997); *Mid-Century Ins. Co.*, 422 S.W.3d at 329.[6] "Even when a plaintiff is able to show standing, the merits will not be reached unless the case is ripe." *Schweich*, 408 S.W.3d at 774. "A ripe

---

[5] In *Mid-Century Ins. Co.*, this Court described justiciability as jurisdictional. Our Supreme Court later clarified in *Schweich* that justiciability is not jurisdictional, but "prudential" in nature, and must be addressed prior to reaching the merits of the case. *Schweich*, 408 S.W.3d at 774.

[6] "The first two elements of justiciability are encompassed jointly by the concept of 'standing.'" *Schweich*, 408 S.W.3d at 774. Standing requires a party to have a personal stake arising from a threatened or actual injury. *Id*.

controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character." ***Mo. Health Care Ass'n***, 953 S.W.2d at 621. Further, "[a] ripe controversy is a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." ***Id***.

Here, Rideout's petition for declaratory relief does not present a controversy ripe for judicial determination. As a special condition of Rideout's supervised release, Rideout is subject to the independent, federally mandated registration requirement under the Sexual Offenders Registration and Notification Act (SORNA). ***Doe v. Keathley***, 290 S.W.3d 719, 720 (Mo. banc 2009) (noting that "SORNA applies to individuals who committed a sex offense prior to July 20, 2006"); *see also* 18 U.S.C. § 3583(d) (federal court "shall order, as an explicit condition of supervised release for a person required to register under [SORNA], that the person comply with the requirements of that Act"). SORNA provides, *inter alia*, that "[a] sex offender shall register ... in each jurisdiction where the offender resides...." 42 U.S.C. § 16913; ***Keathley***, 290 S.W.3d at 720. Thus, SORNA imposes an independent obligation upon Rideout to register as a sex offender in Missouri. *See **Keathley***, 290 S.W.3d at 720. Consequently, even if this Court were inclined to grant Rideout the declaratory relief he requests, our ruling would have no effect on the condition of his supervised release, which requires registration as ordered by the federal court under SORNA. *See* 18 U.S.C. § 3583(d); 28 U.S.C. § 2255 (federal custody; remedies on motion attacking sentence). Furthermore, Rideout has already registered as a sex offender in Missouri, and no threats of enforcement exist. "Missouri courts do not issue opinions that have no practical effect and that are only advisory as to future, hypothetical situations." ***State ex rel. Missouri Parks Ass'n v. Missouri Dept. of***

4

*Nat. Resources*, 316 S.W.3d 375, 384 (Mo. App. 2010); *Mid-Century Ins. Co.*, 422 S.W.3d at 330. For these reasons, Rideout's claim is at best premature, and the lack of ripeness precludes the granting of any effective or immediate relief in this action. *See Schweich*, 408 S.W.3d at 779.

Pursuant to Rule 84.14, this Court will issue the ruling that the trial court should have entered. *Id*. Rideout's petition for declaratory relief is dismissed without prejudice. *See, e.g.*, *Schweich*, 408 S.W.3d at 779 (dismissing without prejudice where claims were brought prematurely); *Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 29 (Mo. banc 2003) (same disposition).


JEFFREY W. BATES, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

DON E. BURRELL, J. – CONCUR