

# Missouri Court of Appeals
## Southern District

### Division One

ALAN F. DECKER,                               )
d/b/a DECKER TRANSPORTATION      )
SERVICES,                                          )
                                                         )
        Plaintiff-Respondent,              )
                                                         )
v.                                                       )      No. SD37226
                                                         )      Filed: July 6, 2022
TIMOTHY T. COLLINS,                    )
d/b/a COLLINS HEAVY HAUL,          )
                                                         )
        Defendant-Appellant.[1]            )

APPEAL FROM THE CIRCUIT COURT OF OZARK COUNTY

Honorable Raymond M. Gross, Associate Circuit Judge

## VACATED AND REMANDED WITH DIRECTIONS

Timothy Collins (Collins) was sued for breach of contract and related theories of recovery by Alan Decker (Decker). The trial court entered judgment against Collins for $7,507.50, plus costs. On appeal, Collins argues in his first point that Decker lacked standing to bring the claim. After reviewing the petition, its attachments and other undisputed facts, we agree. Because Decker lacked standing to bring this action and his

---

[1] This case caption deviates from that used in the trial court's judgment. Here, the business names of the parties have been corrected to reflect their proper identification in the initial petition.

petition must be dismissed without prejudice, Collins' *quantum meruit* counterclaim no longer presents a justiciable controversy for the trial court to decide on the merits. Therefore, the judgment against Collins is vacated. The cause is remanded with directions to dismiss the petition, and Collins' counterclaim, without prejudice.

## Factual and Procedural Background

In July 2018, Decker filed suit as an individual, purportedly doing business as "Decker Transportation Services[,]" against Collins. The petition named Collins, "an individual, d/b/a Collins Heavy Haul," as the defendant and had attached exhibits showing Collins had registered that fictitious name of his business with the Missouri Secretary of State. No such exhibits were attached showing that Decker had ever registered a sole proprietorship conducting business in Missouri using the fictitious name of Decker Transportation Services. The theories of recovery in the three-count petition were breach of contract, suit on account, and account stated. The petition alleged that Collins was a resident of Ozark County, Missouri, and that the cause of action accrued in that county. Decker alleged that he and Collins entered into a shipping agreement "wherein [Decker] hired [Collins] to ship equipment."

Exhibit No. 1, which was attached to the petition and incorporated by reference, was an agreement dated October 25, 2017, between Pacific Crane and Equipment (Pacific) and Decker Transport Services, LLC (hereinafter referred to as Decker LLC). Decker LLC agreed "to coordinate tear down, load out and delivery of [the] listed equipment[.]" Pacific agreed to pay Decker LLC $52,720, of which $45,000 was to be paid to Collins for his services. This agreement was signed by Decker on behalf of Decker LLC. There was another agreement between "Decker Transportation Services [of] Medford, OR" and Collins to tear down, load out, transport and deliver the three pieces of equipment, from

2

sites in Pennsylvania and Ohio to Pikeville, Kentucky. Collins signed this agreement, and Decker did so for "Decker Transportation Services[.]"

Collins filed a counterclaim for *quantum meruit*. The counterclaim alleged, *inter alia*, that: (1) Decker told Collins that all of the equipment was functioning, and Collins relied on that statement to quote and contract to transport the equipment; (2) Collins learned that portions of the equipment were not functional, which required additional time, parts and labor, over and above the initial contracted amount; (3) Collins was not paid for the additional time, parts and labor, despite making a demand for such payment; and (4) Decker was unjustly enriched by retaining the unpaid, reasonable value of such work, parts and labor.

At trial, Decker testified that he resided in Medford, Oregon. According to Decker, he "own[ed] Decker Transportation Services, LLC" when the agreement with Collins was made and at the time of trial. Decker stated that he entered into a business relationship with Collins in October 2017. The contract between "Decker Transportation Services" and Collins was admitted in evidence as Plaintiff's Exhibit No. 1. In Collins' testimony, he also identified this exhibit as the agreement he signed. There was no evidence that Decker had been assigned any contract rights belonging to Decker LLC. There also was no evidence that Decker operated in Missouri as a sole proprietor under the name of Alan F. Decker d/b/a Decker Transportation Services.

The trial court found in favor of Decker and entered judgment against Collins in the amount of $7,507.50, plus costs. Collins appealed and requested oral argument.

Thereafter, Decker filed a *pro se* respondent's brief. His brief contained a request that oral argument be denied. He signed the request:

ALAN F DECKER
DECKER TRANSPORT SERVICES, LLC
722 Halvorsen St.
Medford, Or.  97501

Records from the Corporate Division of the Oregon Secretary of State's Office show that "Decker Transport Services, LLC" (Registry number 1203151-97) is an active, domestic limited liability company in Oregon.  Its principal place of business is located at 722 Halvorsen St., Medford, Oregon 97501.  Alan F. Decker is listed as the registered agent.  Jordan J. Decker is the manager of Decker LLC.

This company was organized on March 31, 2016, with a perpetual duration.  The organizers and members were Jordan J. Decker and Aaron A. Decker.  The Articles of Organization stated that the LLC "will be member-managed by one or more members."

**Discussion and Decision**

In Point 1, Collins contends Decker lacked standing to bring this claim.  Collins argues that Decker was not a party to the contract alleged in the petition.  Collins also points out there was no evidence Decker had been assigned any rights under the contract or had ever operated as a sole proprietor under the name of Alan F. Decker d/b/a Decker Transportation Services.

Because standing is required to give a court the authority to address substantive issues, it is a threshold issue we must consider.  *See Byrne & Jones Enterprises, Inc. v. Monroe City R-1 Sch. Dist.*, 493 S.W.3d 847, 851 (Mo. banc 2016); *S.C. v. Juvenile Officer*, 474 S.W.3d 160, 163 (Mo. banc 2015); *Foster v. Dunklin Cnty.*, 641 S.W.3d 421, 423 (Mo. App. 2022).  Thus, we have a duty to determine whether Decker had standing prior to addressing the substantive issues raised in Collins' brief.  *See CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012).  "Because standing relates to the court's

4

authority to render a judgment, standing cannot be waived." ***Eaton v. Doe***, 563 S.W.3d 745, 747 (Mo. App. 2018); *see also* ***Farmer v. Kinder***, 89 S.W.3d 447, 451 (Mo. banc 2002) (lack of standing cannot be waived). A challenge to standing may be raised at any time, including *sua sponte* by an appellate court. *See* ***Aufenkamp v. Grabill***, 112 S.W.3d 455, 458 (Mo. App. 2003). "A party's standing to sue is a question of law that we review *de novo* on appeal [and determine] on the basis of the petition, along with any other undisputed facts." ***Stander v. Szabados***, 407 S.W.3d 73, 78 (Mo. App. 2013).

Collins first argues that Decker was not a party to the contract that formed the basis for theories of recovery pled in the petition. We agree. Pacific contracted with Decker LLC to coordinate the tear down, load out and delivery of the listed equipment. Decker signed that contract on behalf of Decker LLC. It is settled Missouri law that "an agent for a disclosed principal is not a party to a contract[.]" ***State ex rel. William Ranni Associates, Inc. v. Hartenbach***, 742 S.W.2d 134, 140 (Mo. banc 1987); ***Hardcore Concrete, LLC v. Fortner Ins. Servs., Inc.***, 220 S.W.3d 350, 355 (Mo. App. 2007). The undisputed facts demonstrate that Decker LLC was, and is, an active Oregon limited liability company managed by its members. They do not include Decker, who is only the registered agent for Decker LLC. A party has standing when it has: (1) an interest in the subject matter of the suit that gives it a right of recovery, if validated; or (2) a legally cognizable interest in the subject matter and a threatened or actual injury. ***Empire Dist. Elec. Co. v. Coverdell***, 484 S.W.3d 1, 19 (Mo. App. 2015); ***Cook v. Cook***, 143 S.W.3d 709, 711 (Mo. App. 2004). The agreement signed by Collins was between himself and "Decker Transportation Services [of] Medford, OR." The undisputed facts show that this is a reference to Decker LLC, rather than Decker personally. The theories of recovery alleged in the petition all arise out of the contract between Collins and Decker LLC. There was no proof of any

5

assignment of those contract rights to Decker personally. *See, e.g.*, **Portfolio Recovery Assocs., LLC v. Schultz**, 449 S.W.3d 427, 434 (Mo. App. 2014) (an attempt to recover on an account owed to some other party requires proof of an assignment of the account).

Next, Collins notes that the lawsuit was brought by Decker doing business as Decker Transportation Services. Collins argues that there was no evidence Decker had ever operated in Missouri as a sole proprietor under that fictitious name. We agree. It is unlawful for a person to transact business in Missouri using an unregistered fictitious name. *See* § 417.200 RSMo (2016); **Elnicki v. Caracci**, 445 S.W.3d 59, 68 (Mo. App. 2014) (§ 417.200 permits "individuals and entities to conduct business under a 'fictitious name,' commonly known as a 'd/b/a' or 'doing business as' designation")[2]; *see also* **Springfield Television, Inc. v. Gary**, 628 S.W.2d 398, 402 n.4 (Mo. App. 1982) (use of an unregistered fictitious name violates § 417.200, but does not render void the business dealings of the person or entity who nonetheless uses that name). The absence of any Missouri fictitious name documents for Decker is especially telling since that same information was included with respect to Collins' business. The undisputed facts, on the other hand, show that Decker LLC is an Oregon domestic limited liability company that did transact business in Missouri using that corporate name. Thus, the petition filed by Decker as an individual must be dismissed without prejudice because he lacked standing to assert the theories of recovery contained therein. *See* **Schweich v. Nixon**, 408 S.W.3d 769, 779 (Mo. banc 2013) (holding that lack of standing does not implicate a claim's merits and that dismissal without prejudice is appropriate); **Foster**, 641 S.W.3d at 424 (dismissal without prejudice is required when a plaintiff lacks standing).

---

[2] The basis for the attorney-fee ruling in **Elnicki** was overruled in **Rallo v. Rallo**, 477 S.W.3d 29 (Mo. App. 2015).

Our dismissal of Decker's petition without prejudice requires us to next consider whether the trial court still retains the authority to adjudicate Collins' *quantum meruit* counterclaim. Because no justiciable controversy remains before the trial court, we conclude that the counterclaim also must be dismissed without prejudice.

> Justiciability is a "prudential" rather than a jurisdictional doctrine. "A justiciable controversy exists where [1] the plaintiff has a legally protectable interest at stake, [2] a substantial controversy exists between parties with genuinely adverse interests, and [3] that controversy is ripe for judicial determination." The first two elements of justiciability are encompassed jointly by the concept of "standing."

*Schweich*, 408 S.W.3d at 773-74 (citations omitted); *Chariton Grove Cemetery Ass'n v. Love*, 640 S.W.3d 776, 781 (Mo. App. 2022).

The second element mentioned above is missing here. The contract was between Collins and Decker LLC. Decker signed on behalf of Decker LLC. As noted above, he was not a party to the contract because he was an agent for a disclosed principal. *See Hartenbach*, 742 S.W.2d at 140. As the agent for a disclosed principal, Decker was not liable for nonperformance of the contract. *Id*. "Missouri courts, relying on the Restatement (Second) of Agency, have held that an agent for a disclosed principal is not personally liable for acts performed within the scope of the agent's authority." *Murray-Kaplan v. NEC Ins., Inc.*, 617 S.W.3d 485, 496 (Mo. App. 2021); *see also Hardcore Concrete*, 220 S.W.3d at 355.

The elements of a quasi-contract or *quantum meruit* theory of recovery are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; (3) acceptance and retention by the defendant of that benefit under circumstances which would make retention without payment inequitable. *Almat Builders & Remodeling, Inc. v. Midwest Lodging, LLC*, 615 S.W.3d 70, 80-81 (Mo. App. 2020).

Here, any benefit was conferred by Collins upon Decker LLC, rather than Decker personally. Because Decker LLC is not a party to this action, Collins' *quantum meruit* counterclaim is not justiciable because there is no substantial controversy between parties with genuinely adverse interests before the trial court. *See Mid-Century Ins. Co. v. Wilburn*, 422 S.W.3d 326, 329 (Mo. App. 2013) (there was no justiciable controversy before the trial court because the liability insurer did not sue its named insured in an action seeking a declaration that the insurer had no duty to defend or indemnify).[3] Thus, Collins' counterclaim also must be dismissed without prejudice. *See S.C. v. Juv. Officer*, 474 S.W.3d 160, 164 (Mo. banc 2015).

Collins' first point concerning Decker's lack of standing has merit. Because Decker LLC is not a party to this action, Collins' counterclaim is not justiciable. Therefore, we vacate the judgment and remand with directions for the trial court to dismiss the petition and counterclaim without prejudice.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR

---

[3] As we explained in *Rideout v. Koster*, 439 S.W.3d 772, 774 n.5 (Mo. App. 2014), justiciability is prudential in nature, rather than jurisdictional.